UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ,<br><br>　　　　Respondent. | No. 1:20-cv-00304-NONE-JLT (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE THE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. No. 18) |

　　　　Petitioner is a state prisoner proceeding *pro se* and *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a Tulare County Superior Court jury of: (1) attempted murder (California Penal Code §§ 664 and 187(a)) committed for the benefit of, at the direction of, or in association with a criminal street gang (*id.* § 186.22(b)(1)(C), (b)(5)); (2) assault with a deadly weapon (*id.* § 245(a)(1)) committed for the benefit of, at the direction of, or in association with a criminal street gang (*id.* § 186.22(b)(1)(B)); and (3) street terrorism (*id.* § 186.22(a)). *People v. Garcia*, No. F073921, 2019 WL 275970, at *1 (Cal. App. Jan. 22, 2019). On appeal, the California Court of Appeal affirmed the judgment of conviction, rejecting, in part, petitioner's contention that there was insufficient evidence to

1  support his conviction. *See id.* at *4. The California Supreme Court denied petitioner's petition

2  for review which included his claims, including his claim challenging the sufficiency of the

3  evidence introduced at his trial to support his convictions. (Doc. No. 12-25.) Petitioner

4  then brought this federal habeas petition challenging his state court conviction based, in part,

5  upon his assertion of the insufficiency of evidence. (Doc. No. 1 at 2, 5–6.)

6  On October 14, 2020, the assigned magistrate judge issued findings and recommendations

7  recommending that the petition be denied on the merits. (Doc. No. 18.) Regarding petitioner's

8  sufficiency of the evidence claim, the magistrate judge reasoned as follows:

> Viewing the evidence in the light most favorable to the prosecution, it is clear that the state court's determination that there was sufficient evidence was not unreasonable. As noted by the state court, the evidence that Jose was brought outside to a group of individuals standing in a "bunch" and was then quickly assaulted gives rise to an inference the assault was planned, even if only shortly beforehand. [*Garcia*, 2019 WL 275970, at *10]. Additionally, the Fifth DCA states that Petitioner's stature in the gang, the relative youth of the other participants, and Jose's testimony that the attack happened "because of" what Petitioner told the other assailants gives rise to the inference that any planning by the group was led by, or at least acquiesced to, by Petitioner. *Id.* at *10-11. Lastly, the Fifth DCA describes that the fact that the group thought Jose was a "rat," that Jose was stabbed multiple times, and that Perez tried to stop Jose from escaping gives rise to the inference that the plan was to kill Jose rather than merely assault or injure him. *Id.* at 11. The Fifth DCA reasonably concluded that these conclusions, which are reasonable and supported by evidence, support a finding that Petitioner personally intended for Jose to die. *Id.*

19  (Doc. No. 18 at 10.) The findings and recommendations were served upon all parties and

20  contained notice that any objections thereto were to be filed within thirty (30) days from the date

21  of service of that order. (*Id.* at 27.) After receiving three extensions of time to do so, on April 2,

22  2021, petitioner filed objections to the pending findings and recommendations. (Doc. No. 25.)

23  Petitioner objects to the magistrate judge's analysis of his sufficiency of the evidence

24  claim, arguing that the California Court of Appeal unreasonably relied upon evidence that

25  supports the convictions of other persons involved in the killing. (Doc. No. 25 at 1–2.) In other

26  words, petitioner argues that the evidence relied upon by the California Court of Appeal and

27  assigned magistrate judge "supports the convictions of 'Perez' and those who were convicted of

28  the stabbings that occurred after the initial assault, not that the 'Petitioner personally intended for

2

1 Jose to die.'" (*Id.* at 2.)  The undersigned is not persuaded by petitioner's argument because, as
2 noted in the pending findings and recommendations, petitioner was not only present. but the
3 victim was attacked and stabbed multiple times by the group after petitioner called him a "rat."
4 (Doc. No. 18 at 8, 10.)  In light of this and the other evidence cited by the California Court of
5 Appeal and assigned magistrate judge, the undersigned agrees that, "after viewing the evidence in
6 the light most favorable to the prosecution," the jury's conviction of him was not "objectively
7 unreasonable."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Cavazos v. Smith*, 565
8 U.S. 1, 2 (2011).

9     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
10 *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's
11 objections, the court concludes that the magistrate judge's findings and recommendations are
12 supported by the record and proper analysis.  Petitioner's objections present no grounds for
13 questioning the magistrate judge's analysis.

14     In addition, the court declines to issue a certificate of appealability.  A state prisoner
15 seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of
16 his petition, and an appeal is only allowed in certain circumstances.  28 U.S.C. § 2253; *Miller-El*
17 *v. Cockrell*, 537 U.S. 322, 335–36 (2003).  If a court denies a petitioner's petition, the court may
18 only issue a certificate of appealability when a petitioner makes a substantial showing of the
19 denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the
20 petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree
21 that) the petition should have been resolved in a different manner or that the issues presented
22 were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473,
23 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

24     In the present case, the court finds that petitioner has not made the required substantial
25 showing of the denial of a constitutional right to justify the issuance of a certificate of
26 appealability.  Reasonable jurists would not find the court's determination that petitioner is not
27 entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to
28 proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations, filed October 14, 2020 (Doc. No. 18), are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is denied;

3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **June 10, 2021**

UNITED STATES DISTRICT JUDGE